DANIEL, Judge.
Petitioner, Ruiz Velez, pro se, seeks a belated appeal of his conviction for trafficking in cocaine.
According to his petition, petitioner was charged in an amended information with trafficking in cocaine in violation of section 893.135(l)(b)(3), Florida Statutes (1985). Petitioner moved to suppress items seized in a search of his brother’s automobile. The motion to suppress was denied. A *934 subsequent motion to suppress and motion to dismiss were also denied.
Petitioner thereafter entered a plea of nolo contendere to trafficking in cocaine, reserving his right to appeal the dispositive motions. Petitioner waived presentence investigation and the utilization of a sentencing guidelines scoresheet. The court accepted the plea and immediately sentenced the petitioner to fifteen years incarceration and a fine of $250,000 together with the statutory surcharge.
Petitioner further alleges that his trial counsel failed to file a timely notice of appeal as requested by him asserting that such failure constitutes ineffective assistance of counsel.
In response to an order of this court, the State of Florida asserted that it had been unable to contact the petitioner’s trial counsel for confirmation or denial of the allegations, but that the personal recollection of the assistant state attorney who prosecuted the matter in the trial court was that “petitioner indeed reserved his right to appeal at the time he entered his plea below.” The state further asserts that it is currently unaware “of any legitimate basis for opposing the relief sought by petitioner....” Accordingly, the petition for writ of habeas corpus is granted and the petitioner is permitted belated appellate review of his conviction. A notice of appeal shall be filed in the trial court within thirty days from the issue date of this opinion and thereafter the parties shall adhere to the time schedule set out in the Florida Rules of Appellate Procedure.
WRIT ISSUED.
SHARP, C.J., and COBB, J., concur.